UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYMOND  HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01786-TWP-MJD |
| | ) | |
| SUPERINTENDENT Pendleton Correctional Facility, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Raymond Hawkins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 14-11-0095. For the reasons explained in this Entry, Hawkins's habeas petition must be **denied**.

**Discussion**

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B.  The Disciplinary Proceeding**

On November 20, 2014, Correctional Officer K. McKinney wrote a Report of Conduct in case ISR 14-11-0095 charging Hawkins with Class A offense #121, Trafficking. The Conduct Report states:

> On the above date and time [11-20-2014 at approximately 12:30] I officer K. McKinney was working the rear gate. Marion County returned offender Hawkins #885871. While searching offender Hawkins I found that he was wearing a pair of new Flight Orgin [sic] Jordans. I checked the offender[']s court order prop. sheet and it says he left in State boots. I then contacted officer Hammond who was working the gate when Hawkins left and he said that the offenders that went out all went out in state boots/shoes per policy. I completed a conduct report, confiscation slip, evidence card. Pictures & court order prop sheet attached. Offender Hawkins #885871 stated he bought the shoes before he moved to this facility through a shoe sale.

The shoes were confiscated and placed in an evidence locker. On November 21, 2014, Hawkins was notified of the charge of offense #113 and served with the conduct report and the notice of disciplinary hearing screening report. Hawkins was notified of his rights and pled not guilty. Hawkins requested witness statements from Officer Doyle and Officer Gallagher, and requested the Marion County jail inventory sheet as physical evidence. Witness statements were obtained from Officers Doyle and Gallagher, and the Marion County jail was contacted about Hawkins' inventory sheet.

On December 3, 2014, a hearing was held and the hearing officer found Hawkins guilty of offense #113. In making the determination of guilt, the hearing officer relied on staff reports, Hawkins' statement, witness statements, a picture of the shoes, the inventory sheet, and a picture of Hawkins leaving his cell. Based on the hearing officer's recommendation the following sanctions were imposed: a written reprimand, six months of disciplinary segregation, and a one-hundred-eighty day deprivation of earned credit time. The hearing officer recommended the

sanctions because of the seriousness, frequency and nature of the offense, the offender's attitude and demeanor during the hearing, and degree to which the violation disrupted/endangered the security of the facility.

Hawkins's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C.  Analysis**

Hawkins challenges the disciplinary action against him arguing that the evidence was insufficient, that he was denied evidence, and that the conduct report was not filled out properly.

1. Sufficiency of the Evidence

Hawkins first challenges the sufficiency of the evidence against him. He states that he told the screening officer that he had the shoes at issue for almost 5 years, that he bought them at a shoe sale, that they were given to him, and that he arrived at the facility with them.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence here was sufficient to support the guilty finding. This included the conduct report stating that Hawkins left the facility in state boots and a picture of Hawkins wearing the boots. This is "some evidence" sufficient to find Hawkins guilty. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient).

2. Denial of Evidence

Hawkins next argues that he was denied evidence in the form of video footage of the transport area. Hawkins requested this evidence at the time of his disciplinary hearing, not at the time of screening. On November 21, 2014, Hawkins was notified of the charge of a violation of class A offense #113 and notified of his rights. Hawkins was given the opportunity at that time to request witnesses and physical evidence. At that time, he requested only inventory and property sheets. Due Process is not violated if an inmate fails to timely request specific evidence. Because Hawkins did not timely request the evidence, his due process rights were not denied. *Sweeney v. Parke*, 113 F.3d 716, 719-20 (7th Cir. 1997), *overturned on other grounds in White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001) (right to evidence is a limited right and prison officials justified in denying day-of-hearing requests).

### 3. Conduct Report

Finally, Hawkins claims that the conduct report was not properly filled out. Specifically, he claims that a supervisor did not initial next to the reporting officer's signature in violation of Department of Correction ("DOC") policy. But violations of DOC policy do not form a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief only available for violations of U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997).

In order to satisfy due process in a disciplinary proceeding, an offender is entitled to receive written notice of the charge against him. *Hill*, 472 U.S. at 454. Hawkins received such notice by way of the conduct report which clearly set forth what offense Hawkins was being charged with, and the conduct which warranted the charge. The conduct report was sufficient to allow Hawkins to prepare a defense, and failure of a supervisor to initial next to the reporting officer's signature did not deprive Hawkins of due process.

4

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hawkins to the relief he seeks. Accordingly, Hawkins's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/24/2016

Distribution:

RAYMOND  HAWKINS
885871
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All electronically registered counsel

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

5